UNITED STATES of America, Plaintiff—Appellee,

v.

Francisco BONILLA–MONTENEGRO, Defendant—Appellant.

No. 02–50141.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2003.

Decided June 9, 2003.

Before: HALL, KOZINSKI, and RAWLINSON, Circuit Judges.

**650**

MEMORANDUM *

1. The district court did not err when it admitted into evidence the documents contained within Bonilla's "A-file." *See United States v. Hernandez–Herrera,* 273 F.3d 1213, 1217–18 (9th Cir.2001) (holding that documents in an A-file are admissible despite hearsay and Confrontation Clause challenges).[1] Bonilla's birth certificate-which he offered in a benefits application and thereby asserted as true-was properly admitted as an admission by a party opponent. *See* Fed.R.Evid. 801(a), (d)(2).

2. Because the record contained no inference that Bonilla was eligible for relief from deportation under 8 U.S.C. § 1182(h), the district court did not err in declining to dismiss the attempted reentry count based on the Immigration Judge's failure to inform Bonilla of available relief under that section. *See United States v. Muro–Inclan,* 249 F.3d 1180, 1182–83 (9th Cir.2001).

3. The district court did not err in denying Bonilla's motion for a mistrial based on the INS agent's mention of his prior conviction because the court struck the testimony and gave a curative instruction. *See United States v. Parks,* 285 F.3d 1133, 1141 (9th Cir.2002).

4. The government's failure to present Bonilla's prior deportation to the grand jury did not violate *Apprendi. See United States v. Arellano–Riv-*

era, 244 F.3d 1119, 1127 (9th Cir. 2001).

5. The district court complied with Rule 32(c)(1) by specifically considering and overruling Bonilla's challenge to the accuracy of his prior criminal record as recounted in the Judgment and Conviction. *See United States v. Karterman,* 60 F.3d 576, 583 (9th Cir.1995).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In his opening brief, Bonilla did not challenge his conviction based upon insufficiency of the evidence. Therefore, we need not, and do not, address that issue. *See Smith v.*

*Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999) (treating issues not raised in appellant's opening brief as waived).

